UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT SOUTH BEND

| | |
|---|---|
| TY A. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 3:25-CV-79-PPS-AZ |
| JAYCO, INC. *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**OPINION AND ORDER**

Ty A. Lee bought a 2022 Jayco Swift 20A recreational vehicle that she claims is a lemon. She has sued three defendants who had a hand in making and selling the RV: the authorized retailer, the manufacturer of the RV's chassis, and the final stage manufacturer who constructed the completed RV. The last of those three defendants (Jayco, Inc.) moves to dismiss Lee's claims against it on the basis that they are untimely, brought under the wrong state's law, and arise from defects to components that it neither manufactures nor warrants. The Court agrees that Lee's Ohio state law claims are barred by the terms of her contract with Jayco, but she will be permitted to proceed on her breach of warranty and Magnuson Moss Warranty Act claims.

**Background**

According to the complaint, which I accept as true for present purposes, Lee purchased the RV at issue on January 15, 2022. [DE 1 at ¶32.] Jayco provided a limited warranty with the purchase of Lee's RV. The Limited Warranty explicitly does not

1

include, among other items: the "automotive chassis, (including power train, steering, handling, braking, wheel balance, muffler, tires, tubes, batteries and gauges)[.]" [DE 18-1 at 4.] The duration of the Limited Warranty is "2 years after the first retail owner takes delivery of the Motor Home from an authorized dealer OR 24,000 miles of use, whichever occurs first." [*Id.* at 2.] The Limited Warranty requires "ANY ACTION FOR BREACH OF THIS LIMITED WARRANTY OR FOR ANY IMPLIED WARRANTY MUST BE COMMENCED NO MORE THAN 26 MONTHS AFTER THE BREACH." [*Id.*]

In addition, the Limited Warranty provides that "[a]ny performance of repairs after the warranty coverage ends and any performance of repairs to those portions of your Motor Home excluded from coverage are 'good will repairs[.]'" [*Id.* at 2–3.] These "good will" repairs "do not alter the express terms of this limited warranty or extend the warranty coverage periods[.]" [*Id.* at 3.] Finally, the Limited Warranty explained that it is to be "INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA" and that "ALL CLAIMS, CONTROVERSIES AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY, SHALL BE GOVERENED BY THE LAWS OF THE STATE OF INDIANA[.]" [*Id.* at 5.]

Lee says her RV has had at least 24 substantial defects since her purchase. [DE 1 at ¶3.] She presented her RV to Jayco for warranty repairs on seven occasions, which amounted to over 300 days of repair time. [*Id.*] In her complaint, Lee details these repairs and differentiates between repair attempts by the different authorized dealers. This opinion will focus on the allegations concerning Jayco authorized dealers or

2

repairs covered by the Jayco warranty, which Lee says occurred on the following dates: (1) March 16, 2022, (2) August 13, 2022, (3) September 15, 2022, (4) January 18, 2023, (5) March 28, 2023, (6) April 17, 2023, and (7) December 4, 2023. [*Id.* at ¶¶45, 48–49, 51–53, 59.] Despite these repair attempts (on a variety of issues), Lee on February 27, 2024, reported to Jayco that her RV still would not start. [*Id.* at ¶61.]

On March 20, 2024, Lee informed Jayco that she was seeking relief under the Ohio Lemon Law. [*Id.* at ¶62.] Lee communicated with the Ohio Attorney General's Office concerning her Ohio Lemon Law claim, and Jayco offered to transport her RV to Indiana for repairs. [*Id.* at ¶63.] Lee says Jayco picked up her RV from her home on June 13, 2024, to transport it to a Jayco service center in Indiana for a "final warranty repair attempt." [*Id.* at ¶64.] For approximately eight months, the RV was in Jayco's possession, and Lee repeatedly asked Jayco for updates on the status of the various repairs to her RV. [*Id.* at ¶67.] It was not until just days before she filed her complaint on January 25, 2025, that Jayco told her it had returned her RV to a Jayco factory for additional repairs. [*Id.*]

## Discussion

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely

3

conclusory statements. *See Iqbal*, 556 U.S. at 678. The plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Lee names Jayco in four counts of her complaint: (1) breach of express and implied warranties and/or contract; (2) violation of the Magnuson Moss Warranty Act ("MMWA"); (3) violation of the Ohio Lemon Law; and (4) violation of the Ohio Consumer Sales Practices Act ("OCSPA"). Jayco moves to dismiss all four counts as untimely, brought under the incorrect state's law, and inadequate as alleged.

The crux of Jayco's motion to dismiss concerns application of statutes of limitations. Before I reach that issue, there is a preliminary matter to sort out. Count 1 of Lee's complaint alleges "Breach of Warranty and/or Contract." [DE 1 at 12.] Neither party disputes that Indiana law governs Lee's warranty and contract claims. In Indiana, claims for breach of contract and warranty are "closely related" but "are not identical." *Nelson v. Marchand*, 691 N.E.2d 1264, 1271 n.8 (Ind. Ct. App. 1998). "In the proper case, there is no doubt that both theories could be maintained." *Zawistoski v. Gene B. Glick Co., Inc.*, 727 N.E.2d 790, 792 n.1 (Ind. Ct. App. 2000).

But there's an important caveat to this position. When a party seeks relief for both a breach of contract and warranty "based on the same contractual provision . . . [the causes of action] are the same" and cannot coexist. *Smith v. Nexus RVs, LLC*, 468 F.Supp.3d 1012, 1024 (N.D. Ind. 2020). Here, both Lee's breach of contract and warranty

4

claims stem from the Limited Warranty so cannot coexist. I recently addressed a similar situation in *Polycon Indus., Inc., v. R&B Plastics Mach., LLC*, 798 F.Supp.3d 906 (N.D. Ind. 2025). As in the *Polycon* case, I find Lee's breach of contract claim is a mere repackaging of her breach of warranty claim and dismiss it.

### I.  Timeliness of Lee's Breach of Warranty and MMWA Claims

In Indiana, "[a]n action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued." Ind. Code § 26-1-2-725(1). As they have done here, "the parties may reduce the period of limitation to not less than one (1) year, but may not extend it." *Id.* The Limited Warranty established a two-year *warranty period* that took effect upon delivery of the RV. [DE 18-1 at 2.] The Limited Warranty then reduced the *statute of limitations* to bring suit for a breach of warranty to no more than 26 months after the breach. [*Id.*] A claim for breach of warranty accrues when the breach occurs, which is normally "when tender of delivery is made[.]" Ind. Code § 26-1-2-725(2). This default rule applies because the Limited Warranty doesn't extend to future performance. Lee took delivery of her RV on January 15, 2022. Her two-year warranty period thus appears to have expired on January 15, 2024, and the statute of limitations to bring a warranty claim expired on March 15, 2024. Lee filed suit on January 25, 2025, well after the Limited Warranty's 26-month statute of limitations.

Lee admits, as she must, that she filed suit after the Limited Warranty's statute of limitations expired on March 15, 2024. But she notes that a statute of limitations argument is an affirmative defense, which are generally improper to resolve on a Rule 12(b)(6) motion. It is true Lee was "not required to plead facts in the complaint to

5

anticipate and defeat affirmative defenses . . . . [b]ut when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). This is another way of saying that a plaintiff can plead herself out of court. In those circumstances, dismissal at the pleading stage is permissible. However, "[a]s long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015); *see also Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003) ("[A]t this stage the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations[.]") (emphasis in original).

Lee says the doctrine of equitable estoppel tolled the Limited Warranty's statute of limitations or, in any event, Jayco waived the right to enforce this provision. I begin with Lee's argument concerning equitable estoppel. The Indiana Supreme Court recognizes that a seller's repair efforts that fall outside the bounds of the original contract "**could be** of sufficient affirmative character to prevent inquiry or to elude investigation or to mislead and hinder,' thereby lulling a buyer into inaction and tolling the limitations period." *Kenworth of Indianapolis, Inc., v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 384 (Ind. 2019) (emphasis in original) (citation omitted). The application of this doctrine is a fact specific inquiry. *Id.* at 385. Though she is not required to prove them

6

now, the elements of equitable estoppel require a plaintiff to show they: "(1) lacked knowledge and the means to discover the facts in question; (2) relied upon the conduct of the party estopped; and (3) as a result, changed [her] position prejudicially." *Shearer v. Thor Motor Coach, Inc.*, 470 F.Supp.3d 874, 882 (N.D. Ind. 2020) (citation omitted).

Lee says Jayco's repeated promises to perform repairs under the warranty, participation in the Ohio Lemon Law process, and performance of a final repair under warranty lulled her into inaction and tolled the Limited Warranty's statute of limitations. Lee's argument faces an initial obstacle in the Limited Warranty: "Unless prohibited by state or provincial law, repairs do not extend the time when you must commence an action for breach of warranty and shall not extend the warranty coverage period." [DE 18-1 at 2.] The Limited Warranty explains that any repairs following expiration of the warranty are mere "good will" repairs that do not alter or extend the warranty coverage period. [*Id.* at 3.] Moreover, "[s]tanding alone, performing repairs are not enough to toll the statute of limitations" under Indiana law. *Shearer*, 470 F.Supp.3d at 883.

Lee likens her case to *Jacobs v. Thor Motor Coach*, 474 F.Supp.3d 987 (N.D. Ind. 2020). In that case, the plaintiff purchased an RV subject to a 12-month warranty that required any claim for breach to be commenced within 15 months of the breach. *Id.* at 990. As here, a limited warranty (using identical language) forbade repairs from extending the warranty period or period to bring suit and explained that repairs after expiration of the warranty were mere "good will." *Id.* at 996. The plaintiff alleged three repair efforts, all of which occurred *after* the warranty expired. *Id.* The court determined

7

the plaintiff's allegations of repair efforts and promises to continue repairing the RV were sufficient to survive dismissal under a theory of equitable estoppel. *Id.* at 997. The court reasoned this outcome was consistent with the language of the limited warranty, "which only precludes equitable estoppel based on repairs alone, not repairs and promises to perform repairs with 100 percent warranty coverage, particularly promises that occur after the warranty period has expired and arguably work a modification." *Id.*

Lee's complaint does not contain sufficient information for the Court to determine that her breach of warranty claims are barred by the statute of limitations at the dismissal stage. Lee points the Court to paragraphs four and 81 of her complaint as evidence of promises to repair. In paragraph four, Lee alleges Jayco made "promises and representations" that modified the original warranty terms. [DE 1 at ¶4.] In paragraph 81, Lee mentions the Ohio Lemon Law process and the final promised repair. [*Id.* at ¶81.] She claims that Jayco, throughout the Ohio Lemon Law process, continued to "promise to perform repairs under warranty[.]" [*Id.*] These allegations are sufficient to warrant discovery and are not, as Jayco suggests, dead on arrival. After all, Lee "was not required to [ ] make specific factual allegations concerning the timing of the events and representations that [she] alleges toll the statute of limitations." *Carroll v. BMW of N. Am., LLC*, No. 1:19-cv-000224-JMS-TAB, 2019 WL 4243153, *8 (S.D. Ind. Sep. 6, 2019). Unlike the plaintiff in *Shearer*, Lee has alleged both repairs *and* promises to repair. In *Shearer*, I concluded the plaintiff's allegations of rude phone calls, delayed email replies, and deleted emails "could be part of a basis to toll" but insufficiently raised the possibility of a defense to the statute of limitations. 470 F.Supp.3d at 882. Lee's

8

allegations here are of a different nature and provide enough substance to survive dismissal.

The fact that some (or all) of Lee's allegations of promises to perform repairs under warranty may have occurred after the bargained for statute of limitations expired does not preclude the possibility of equitable estoppel. Jayco argues the RV manufacturer in *Jacobs* agreed to perform warranty repairs after the warranty period but *before* the statute of limitations expired. But that's not quite right. The court noted three sets of repairs in May, August, and November 2018. *Jacobs*, 474 F.Supp.3d at 996. The fifteen-month statute of limitations expired in July 2018, so the latter of these two sets of promises and repairs occurred after both the warranty period and the statute of limitations expired. Moreover, at this stage Lee did not need to provide the Court with a detailed timeline of which promises and representations Jayco made during and after the warranty and the statute of limitations period. *See Carroll*, 2019 WL 4243153 at *8. As in *Jacobs*, Lee has raised a conceivable set of facts that could defeat a statute of limitations defense, which is sufficient to permit discovery for her to develop her claims.

Lee's MMWA claim is tied to her warranty claim under Indiana law. *See Mathews v. REV Rec. Grp., Inc.*, 931 F.3d 619, 623 (7th Cir. 2019); *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001) (noting the MMWA "does not provide an independent basis for liability; it only provides for federal jurisdiction for some state claims"). Because she has adequately alleged a breach of warranty claim under Indiana law, Lee is permitted to proceed on her MMWA claim as well.

## II. Applicability of Indiana Law to Lee's Ohio Law Claims

The Parties next dispute the enforceability of their contract's choice of law provision. Jayco points to the following language in the Parties' contract: "Unless prohibited by state law, all claims, controversies and causes of action arising out of or relating to this limited warranty, shall be governed by the laws of the state of Indiana[.]" [DE 18-1 at 5.] Lee invokes both diversity and federal question jurisdiction. Under either approach, courts are to apply the choice of law rules of the state in which they sit, which in this case is Indiana. *See Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009); *Balt. Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 681 (7th Cir. 1986).

"Indiana choice of law doctrine favors contractual stipulations as to governing law." *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002). Lee has not argued that generally recognized exceptions to this rule apply. Examples include Indiana having no "substantial relationship" to the Parties or transaction or that application of Indiana law would be contrary to the fundamental policy of a state with a "materially greater interest" than Indiana. *See Barrow v. ATCO Mfg. Co.*, 524 N.E.2d 1313, 1314–15 (Ind. Ct. App. 1988). Instead, Lee argues her Ohio causes of action are "statutory claims separate and apart from the limited warranty itself", [DE 27 at 14], and that Jayco waived the choice of law provision by participating in the Ohio Lemon Law process.

Lee's claims against Jayco include alleged violations of the Ohio Lemon Law and the Ohio Consumer Sales Practices Act ("the OCSPA"). In support of her Ohio Lemon

10

Law claim, Lee alleges she purchased her RV from Jayco "in reliance on the existence of a written warranty" and "advertising representations/and or warranties[.]" [DE 1 at ¶102.] Lee says her RV did not conform to these representations and warranties. [*Id.* at ¶103.] For her OCSPA claim, Lee alleges Jayco violated the MMWA and represented to her that the RV would conform to certain performance characteristics and conditions. [*Id.* at ¶117 A–D.] She also explicitly alleged Jayco breached its express and implied warranties in support of this claim. [*Id.* at ¶117 E.]

Lee's Ohio law claims arise out of or relate to the Limited Warranty such that the choice of law provision applies. Recall that the Limited Warranty broadly applies Indiana law to all claims arising from or relating to the Limited Warranty. The court in *Polansky v. Forest River, Inc.* faced an identical choice of law provision and two of the same Ohio state law claims at issue here. CAUSE NO. 3:23cv796 DRL, 2024 WL 4785179 (N.D. Ind. Nov. 13, 2024). The court noted the choice of law provision used the "broadest of language." *Id.* at *2. As here, the court determined that the plaintiff's lemon law and OCSPA claims were based on or related to the warranty's existence and terms. *Id.* Thus, these claims were "governed by express agreement by Indiana law." *Id.* at *3. The same outcome holds true here.

Lee seeks to distinguish her case from *Polansky* by arguing Jayco waived the choice of law provision by voluntarily submitting to the Ohio Lemon Law process. As Jayco points out, neither of Lee's cited cases suggest that Jayco's participation in that process intentionally relinquished a right Jayco held. In *Thomas v. Guardsmark, Inc.*, the Seventh Circuit mentioned in passing the standard for waiving provisions of a

11

contract. 381 F.3d 701, 705 (7th Cir. 2004). The Seventh Circuit, which was considering a Tennessee choice of law provision and Illinois state law claims, cited this doctrine to reject the plaintiff's argument to invalidate his employment contract because of alleged non-compliance with a provision in the contract that was exclusively for the company's benefit. *Id.* In *Lott v. Levitt*, the Seventh Circuit addressed waiver in the context of an appellant's waiver of an argument that a different state's law applied to the dispute. 556 F.3d 564 (7th Cir. 2009). Before the district court, the appellant consented to the application of Illinois law but later attempted to argue he only stipulated to Illinois choice of law rules and not substantive Illinois law. *Id.* at 567–68.

Neither of Lee's cited cases offer value to her arguments concerning Jayco's purported waiver of the Limited Warranty's choice of law provision. I take Lee's point that Jayco voluntarily subjected itself to the Ohio Lemon Law process through its communications with the Ohio Attorney General and offer of a final warranty repair. As with the analysis of waiver above, however, the Court is not convinced that Jayco's participation in this dispute resolution process waived a right owed to it under the contract. Lee has pointed the Court to no authority that suggests Jayco's actions here operated to waive the choice of law provision in the Limited Warranty. Accordingly, the Court determines that Indiana law governs the Parties' agreement, so Lee's Ohio law claims must be dismissed.

## Conclusion

For the aforementioned reasons, Jayco, Inc.'s Motion to Dismiss [DE 17] is **GRANTED IN PART AND DENIED IN PART**. In particular:

(1) The breach of contract claim within Count I is **DISMISSED** against Defendant Jayco, Inc;

(2) Counts III and IV are **DISMISSED** in their entirety against Defendant Jayco, Inc.; and

(3) Lee may proceed on Count I as limited to a breach of warranty claim and Count II against Defendant Jayco, Inc.

**SO ORDERED.**

ENTERED: January 8, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT